MOORE REALTY COMPANY, INCORPORATED,

*v.*

JACOB HOLDMAN et al.

[Decided October 15th, 1928.]

A bill of complaint brought by .the purchaser to compel specific performance of the contract for the sale of land and for an accounting for rents and profits, *held*, properly dismissed, on complainant's refusal to accept the tender of performance and accounting made in court, and on his assertion of a claim for reformation of the contract by a reduction of the purchase-money mortgage, where such claim was not within the scope of the pleadings. *Quære*, whether or not that portion of the decree declaring the contract to be null and void was justified under the facts set out in the pleadings and submitted to the court below, this matter not having been argued on appeal.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church.

*Louise Ruth Shapiro,* for the appellant.

*Mr. William Greenfield,* for the respondents.

PER CURIAM.

The bill of complaint in this cause was filed by the Moore Realty Company, Incorporated (the present appellant), to compel the specific performance of a written contract for the sale by defendants to it of a tract of land in the city of Newark. The bill also prayed an accounting by the defendants of the rents, issues and profits received by them from said premises, and the expenditures by them upon the property subsequent to the execution of the contract; the ground for this relief being based upon a provision in the instrument to the effect that immediately upon its execution the complainant should be entitled to the possession of the premises and to

the rents accruing therefrom, paying out of the same subsequent taxes, repair bills and installments falling due upon a mortgage which was a lien upon the premises. When the case came on for hearing, the defendants, through their counsel, consented in open court that the deed of conveyance, which had already been executed, but which was held in escrow, should be delivered to the complainant upon the payment of the purchase price in the manner provided by the agreement of sale, and also that the defendants should account to the complainant for the rents received by them subsequent to the execution of the contract and the expenditures made by them subsequent to said date. The complainant refused to accept this offer, and insisted that the court should hear testimony upon the question as to whether the provision in the agreement requiring the giving of a bond and mortgage by the complainant for $8,175 on account of the purchase money should not be altered so as to make the obligation read $5,000, on the theory that the insertion of the larger amount was due to a misapprehension on the part of the complainant, induced by statements of the agent of the defendants. Counsel further insisted that if the court should find the facts as above suggested, then it should direct a reformation of the agreement to the extent indicated. The court refused to hear this testimony, upon the ground that the bill was filed for the purpose of enforcing the contract as executed, and not for its reformation. Having so ruled, and counsel for complainant still refusing to accept the offer of the defendants to execute the contract by the delivery of a deed conforming to its provisions and to render the accounting prayed for in the bill of complaint, the court directed the entry of a decree dismissing the bill and declaring the contract null and void. From the decree entered in accordance with this direction the complainant has appealed.

We concur in the view of the vice-chancellor that the validity of the contract as executed was not presented by the pleadings in the cause; in other words, that the bill of complaint was specifically for the performance of an existing contract, and not one for its reformation; that the tender of performance

offered by defendants was complete, so far as their obligations under the contract were concerned; and that the refusal of the complainant to accept such tender justified a dismissal of the bill.

Whether or not that portion of the decree declaring the contract to be null and void was justified under the facts set out in the pleadings and submitted to the court at the hearing has not been argued before us by counsel for the appellant, and, consequently, has not received consideration at our hands.

. The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.